**LOCAL 627, AMALGAMATED TRANSIT UNION, Appellant,**

v.

**SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY, Appellee.**

[Cite as *Local 627, Amalgamated Transit Union v. Southwest Ohio Regional Transit Auth.* (1991), 73 Ohio App.3d 660.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900285.

Decided June 26, 1991.

*Gromfine & Taylor, P.C.,* and *Douglas Taylor; Kircher & Phalen* and *James B. Robinson,* for appellant.

*Dinsmore & Shohl, Kathleen Kernan Bedree* and *Gayle Monroe Goodwin,* for appellee.

*Per Curiam.*

Plaintiff, Local 627, Amalgamated Transit Union ("Union"), appeals from the trial court's grant of summary judgment to defendant Southwest Ohio Regional Transit Authority ("SORTA"), and its denial of the Union's motion for summary judgment. The Union argues, first, that the court should have deferred to the arbitration procedure the interpretation and application of the parties' collective-bargaining agreement concerning the sufficiency of the determination of whether the employee bus driver's final accident was preventable, and, second, that the court should have granted the Union's motion and compelled arbitration of whether SORTA discharged its employee for sufficient cause, regardless of the factual issue whether the accident was preventable under the terms of the contract. We find none of the arguments to be well taken and affirm the judgment of the trial court.

Vickey Johnson was employed as a bus driver by SORTA, a "public employer," as defined by R.C. 4117.01(B), operating the public bus transit system in Cincinnati known as "Queen City Metro." The Union has represented Cincinnati public transit employees for over seventy years, including, in its capacity as the exclusive bargaining representative, a group of personnel employed by SORTA which included Vickey Johnson.

SORTA and the Union have been parties to a series of collective-bargaining agreements. The agreement at issue in this proceeding provides for final and binding arbitration in Section 3(c), as follows:

"All claims or disputes of employees, the Union or [SORTA] regarding the application, interpretation or violation of any provisions of this Agreement (except Section 4: NO STRIKE—NO LOCKOUT) or the imposition of any discipline, including discharge, hereinafter called 'grievances,' shall be settled [by the arbitration procedure established in subsequent contract terms]."

The agreement contains no express provisions, however, which recognize the long-standing practice of the Union and SORTA of using a System Safety Program to determine whether an employee's traffic accident was preventable

and potentially a basis for discharge with sufficient cause under Section 3(b) of the agreement. Instead, the System Safety Program used to determine preventability was incorporated into the agreement [1] by the September 8, 1986 decision of an arbitrator, David L. Beckman ("the Beckman decision"), which recognized the practice and determined it to be equitable to both the employees represented by the Union and to SORTA, to be in harmony with their agreement, and to be binding on the parties. The determinations reached under the program were therefore excepted from the Section 3(c) arbitration requirement.

The Beckman decision noted that in 1947, SORTA and the Union began using a System Safety Program which, with some modifications, survives in its present form as a two-step decisional process: first, SORTA's System Safety Coordinator makes a determination of whether the accident was preventable under guidelines of the National Safety Council in its Defensive Driving Course, based on the employee's own accident report, witness statements and a police report; and second, if the employee is dissatisfied with the initial determination, he may appeal to an Accident Appeals Board composed of three traffic police officers, one of which is selected by the Union.

The Beckman decision further noted that the finality of the decision of the Accident Appeals Board has been consistently respected by SORTA and the Union, and that the parties had not seen fit to alter the procedure over the course of thirty-seven years and eleven contract negotiations. The Beckman decision also found the procedures to be fair and reasonable, noting that the board is composed of three objective and disinterested observers, that the parties are afforded the opportunity to participate in both levels of the determination, and that the drivers have adequate notice of the procedure based on their defensive driving training and the Coach Operator Manual provided to SORTA's employees.

Although the Beckman decision held that the determination of an accident's preventability is binding on the parties and therefore not subject to further arbitration, it stopped short of holding that a determination that an accident was preventable precludes any arbitration of an employee's dismissal for cause under the progressive disciplinary steps outlined in the Coach Operator

---

1. Section 29 of the agreement provides:
   "All prior concessions granted by agreement * * * *or arbitration* and not similarly revoked, modified or eliminated and not conflicting with this Agreement, shall remain in force during the period of this Agreement so far as consistent with the proper schedules and operating methods * * *." (Emphasis supplied.)

Manual.[2]  Instead, it held that SORTA "must establish that the necessary preventability findings were duly made under the System Safety Program to support the dismissal of the [employee].  After that prima facie case is made, the union has the burden of going forward with evidence of 'other factors' which tend to suggest that the [employee] is not an incorrigibly poor coach operator."  Exhibit A at 18.

In the case at issue, Vickey Johnson, following a traffic accident while on duty, was discharged from her employment for having excessive preventable accidents as determined by the System Safety Coordinator and the Accident Appeals Board.  Johnson filed a grievance under Section 3(c) of the collective-bargaining contract, and because the Beckman decision acknowledged that the ultimate question of whether an employee was discharged with sufficient cause is subject to arbitration, SORTA and the Union began to arbitrate the question on May 10, 1988.

During the hearing before the arbitrator, the Union contended in its opening statement:

"[T]he final accident was not preventable and we're going to insist that you review that.  The reason is because you will see when you hear the record in this case that this woman was not afforded a clear accident appeal that is normal and routine, there were substantial due process defects in the way her particular appeal was handled which make it necessary for this board of arbitration to review that preventability determination."

The Union asserted, generally, that the preventability determination was improperly made because Johnson was not afforded due process as a result of a pattern of gender discrimination against her.  In addition, the Union asserted that her dismissal was without just cause because she had not reached a sufficient number of preventable accidents to justify discharge under the progressive discipline schedule.  Despite the Union's promise to "produce direct evidence" showing SORTA's discrimination against Johnson in particular, the record contains no specific evidence of such discrimination or procedural irregularity adduced either during the arbitration hearing or in the form of materials properly considered under Civ.R.  56(C).[3]

---

2.  Under the progressive disciplinary steps, employees who accumulate four preventable accidents over a year, and have received progressive discipline for each occurrence, become subject to dismissal.

3.  The Union apparently adduced a subpoena and correspondence between its attorney and the attorney representing SORTA pertaining to the Union's request to review SORTA's company files related to the Union's discrimination claim.  The subpoena and letters are not included within the record and do not, apparently, directly disclose any discrimination on the part of SORTA.  Further, the Union made no attempt to discover, through the subse-

SORTA refused to proceed further with the arbitration hearing on the ground that the issue of whether an accident was preventable was not subject to arbitration. After the arbitrator declined the Union's invitation to proceed with the hearing *ex parte*, the Union filed its complaint on August 18, 1988, demanding both an injunction directing SORTA to arbitrate fully Johnson's grievance and the payment of attorney fees and any other legal or equitable relief. Both parties moved for summary judgment.

In support of its motion for summary judgment, SORTA offered the affidavit of its Director of Human Resources, John H. Schulcz. The affidavit states that, based on his personal knowledge, the system of determining whether an accident was preventable was "in place" throughout Schulcz's tenure, which included the time of the Beckman decision and the accident and appeal in question. Attached to the affidavit are copies of regularly kept business documents, certified by Schulcz to be true and accurate, which relate to Johnson's grievance. Among these documents is a letter dated October 9, 1986, from SORTA's Director of Transportation, Donald R. Taylor, to the Union's President, Robert H. Baker, stating, in general, that the preventability procedure outlined in the Beckman decision was followed in Johnson's case. On March 20, 1990, the trial court overruled the Union's motion and granted SORTA's motion for summary judgment.

The Union assigns two errors: first, it claims the trial court erred "by interpreting and applying the terms of a collective bargaining agreement, where the parties' contract referred all such issues to arbitration"; second, it claims the trial court erred when it failed to grant its motion for summary judgment to compel arbitration of a pending collective-bargaining grievance and dispute.

■ Initially, we note that the record reflects only that the trial court overruled the Union's motion for summary judgment and granted SORTA's motion for summary judgment, without elaboration of its grounds for doing so. Although the Union refers to a letter dated March 19, 1990, from the trial court in which it stated "that SORTA was correct, and the issue of the preventability was not arbitrable under the labor agreement," Appellant's Brief at 2, the letter was neither journalized nor incorporated by reference within the court's judgment entry, and therefore is not properly within our consideration.

---

quent common pleas court proceedings, the materials that it sought in the prior arbitration proceedings and that had been the subject of a motion to quash before the arbitration was interrupted. See Exhibit A at 12.

■ Further, we find nothing within the record that indicates that the trial court impermissibly intruded upon an issue properly decided only by arbitration among the parties when it granted summary judgment to SORTA. First, in the procedural posture of this case, the grant of summary judgment in favor of SORTA did not operate as a decision on the merits of any dispute whether Johnson was terminated for just cause. Instead, the judgment without elaboration can amount to no more than a refusal to compel arbitration of the dispute, the relief originally sought by the Union. Second, we find nothing improper in the trial court's refusal to compel arbitration because the Union failed to set forth specific facts showing that a material dispute remained to be arbitrated or that SORTA had refused to arbitrate an issue subject to arbitration, as discussed under the Union's second assignment of error. We therefore hold the first assignment of error not to be well taken, and it is, accordingly, overruled.

The Union's second assignment of error is also addressed, at least in part, to the March 19, 1990 correspondence of the trial court that is not a part of the record before us and therefore not subject to review. Applying its argument to the record and judgment entry before us, however, the Union argues that three issues require arbitration: (1) whether the determination of the ultimate accident's preventability was procedurally flawed; (2) whether Johnson's record of accidents and discipline warranted discharge; and (3) whether SORTA applied the rules discriminatorily in Johnson's case. We find no factual predicate in the record before us, however, in the form of either evidence proffered to the arbitrator or any of the evidentiary materials properly considered by the trial court pursuant to Civ.R. 56(C), such as depositions, answers to interrogatories, affidavits or written admissions of fact, upon which the Union could base any of its three claims.

■ The standard governing the disposition of SORTA's motion for summary judgment is set forth in Civ.R. 56, which provides that a party against whom a claim is asserted may move, with or without supporting affidavits, for summary judgment in his favor on all or any part of the claim. Civ.R. 56(A). A motion for summary judgment may be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact in a light most favorable to the party opposing the motion, determines:

1. that no genuine issue of material fact remains to be litigated;

2. that the moving party is entitled to judgment as a matter of law; and

3. that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the

motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; Civ.R. 56(C).

■ With regard to the first and third issues claimed by the Union to require arbitration, had the Union presented any evidence that the System Safety Program detailed in the Beckman decision was not followed, or that SORTA in fact applied the rules providing for dismissal for excessive preventable accidents in a discriminatory fashion in Johnson's case, arbitration of the merits of those issues might have been required under the collective-bargaining agreement and under R.C. 4117.09 and R.C. Chapter 2711. See, *e.g.*, *United Steelworkers v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. Instead, the only evidence before the trial court, including the affidavit of John Schulcz and the accompanying letter from Donald Taylor, indicated that the System Safety Program described in the Beckman decision had been followed. Because the Union presented no evidence of any genuine dispute beyond its conclusory allegations in response to SORTA's demonstration that the Beckman procedures were followed, summary judgment was properly granted in SORTA's favor. See *Dunville v. Physician–Care, Inc.* (Aug. 23, 1989), Hamilton App. No. C–880342, unreported, 1989 WL 97445.

■ With regard to the second issue claimed by the Union to require arbitration, SORTA conceded in its memorandum in support of its motion for summary judgment that the ultimate determination of whether Johnson has been dismissed for cause under the collective-bargaining agreement is one for arbitration, and stated its "willingness to arbitrate the issue the Beckman award left open for arbitration, *i.e.*, whether, *given that the preventable accidents occurred,* just cause to discharge Johnson existed." (Emphasis in original.) Therefore, SORTA has not refused to arbitrate whether Johnson's record of accidents and discipline warranted discharge, and no order compelling SORTA to do so is necessary or proper.

Further, the Union failed to show that the parties intended to leave the determination of whether an arbitrable dispute existed to the decision of an arbitrator. R.C. 2711.03 provides for judicial determination of the issue of a failure to perform an agreement to arbitrate. The collective-bargaining agreement at issue contains no express provision excluding the question of the arbitrability of a grievance from a court's determination. See *United Steelworkers, supra; Ohio Council 8, AFSCME v. Defiance* (Apr. 11, 1985), Defiance App. No. 4–84–3, unreported, 1985 WL 9111. The arbitrator in this case also apparently felt that the determination of arbitrability was one for the courts. Exhibit C at 56–57. We therefore hold that the trial court could properly have entered judgment in favor of SORTA, and accordingly denied

the Union's motion for summary judgment, without impermissibly intruding upon an issue reserved by the parties for arbitration.

The second assignment of error is overruled and the judgment of the trial court is, accordingly, affirmed.

*Judgment affirmed.*

GORMAN, P.J., SHANNON and KLUSMEIER, JJ., concur.